496 So.2d 487 (1986)
CAPITAL DRILLING COMPANY
v.
Sheriff Odom GRAVES, Ex-Officio Tax Collector, Livingston Parish.
No. CA 85 0768.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
*488 Chris Verret, Lafayette, for plaintiff.
John Burgess, Livingston, for defendant.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
This is a suit for recovery of ad valorem taxes paid under protest. The defendant filed a peremptory exception raising the objections of no cause of action and prescription. The trial court sustained the exception on the basis of both objections and dismissed the plaintiff's petition with prejudice. This devolutive appeal followed.

FACTS
The objection of no cause of action tests the legal sufficiency of the petition, and all allegations of fact in the petition are accepted as true; no evidence may be introduced at a hearing on an objection of no cause of action. La.C.C.P. art. 931; McGowan v. Ramey, 484 So.2d 785 (La.App. 1st Cir.1986).
Evidence may be introduced at the trial of an objection of prescription. La.C.C.P. art. 931. In the instant case, no evidence was presented in the trial court. In the absence of evidence, the objection of prescription must be based upon the facts alleged in the petition, and all allegations thereof are accepted as true. Robinson v. Barq's Beverages of Baton Rouge, Inc., 172 So.2d 143 (La.App. 1st Cir.1965), writ refused, 247 La. 871, 175 So.2d 108 (1965). Thus, the facts, for purposes of both objections herein, are those alleged in the petition, which provides as follows:
1.
The defendant is Sheriff Odom Graves in his capacity as ex-officio ad valorem tax collector for Livingston Parish.

*489 2.
Defendant is indebted to petitioner for the refund of ad valorem taxes for the year 1984 paid under protest and interest on the amount of said refund at the rate of two (2%) percent per annum from March 5, 1985 until paid in full for the following.
3.
Defendant instituted proceedings entitled `Honorable Odom Graves, In His Capacity As Sheriff and Ex-Officio Tax Collector vs. Capital Drilling Company' being number 45,699-F on the docket of this Court on January 30, 1985 to collect ad valorem taxes allegedly owed by petitioner to defendant for 1984.
4.
The amount of taxes allegedly owed by petitioner and demanded by defendant in the lawsuit identified in paragraph 3, above, is represented by 1984 Livingston Parish Assessment No. 8000925, a copy of which is annexed to the Petition identified in paragraph 3, above, marked for identification therewith as Exhibit Number 1 and by this reference fully incorporated herein.
5.
On March 5, 1985 petitioner paid the amount found to be due by defendant under protest as evidenced by the letter dated March 5, 1985 signed by an authorized representative of defendant which is attached hereto, marked for identification herewith as Exhibit `A' and by this reference fully incorporated herein.
6.
The amount of taxes which petitioner has paid to defendant under protest violates the provisions of Article VII, Section 18, of the Louisiana Constitution of 1974.
Pursuant to La.C.C.P. art. 2164, an "appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." [Emphasis added.] An appellate court may not consider evidence which is outside that record. Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965). The briefs of the parties herein assert certain facts not contained in the petition. The briefs of the parties are not part of the record, and this court has no authority to consider on appeal facts referred to in brief (or attachments thereto) which are not in the pleadings (or the evidence when such is presented). Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984); United States Fidelity & Guaranty Company v. Victory Land Company, Inc., 410 So.2d 359 (La.App. 4th Cir.1982), writ denied, 412 So.2d 1113 (La.1982).

PRESCRIPTION

(Assignment of Error No. 3)[1]
Plaintiff-appellant contends the trial court committed error in sustaining the peremptory exception based on the objection of prescription. Specifically, it is asserted that the cause of action herein arises pursuant to and is controlled by La.R.S. 47:2110; 47:2110 authorizes an aggrieved taxpayer to pay ad valorem taxes under protest and file suit for a refund within thirty days after payment; plaintiff paid its 1984 taxes under protest on March 5, 1985; this suit was filed on March 26, 1985, within the thirty day period; and, thus, the cause of action is not prescribed. Appellee contends the appellant's 1984 taxes were due and payable not later than December 31, 1984, and that the payment under protest on March 5, 1985, is too late. Appellee argues that to interpret La.R.S. 47:2110 to allow "every tax debtor ... to pay taxes at their [sic] whim", and not when due, would adversely affect public bodies which budget in reliance on these taxes.
*490 The objection of prescription raised in a peremptory exception may assert any of the defenses set forth in Title XXIV Prescription of the Civil Code. Those defenses are found and defined in Chapter 1 of Title XXIV as (1) acquisitive prescription, (2) liberative prescription, (3) prescription of nonuse, and (4) peremption. In the instant case, only liberative prescription (La.C.C. art. 3447) or peremption (La.C.C. art. 3458) could be applicable. Although there are substantial conceptual and practical differences between liberative prescription and peremption, it is not always easy to determine into which category a time limit fixed by law falls. Reporter's Comment (c) under La.C.C. art. 3458; Comment, Prescription and PeremptionThe 1982 Revision of the Louisiana Civil Code, 58 Tul.L.Rev. 593 (1983); Comment, Legal Rights and the Passage of Time, 41 La.L.Rev. 220 (1980). Cf. Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986).
La.R.S. 47:2110 provides, in pertinent part, as follows:
A. No court of this state shall issue any process whatsoever to restrain the collection of an ad valorem tax imposed by the state, or by any political subdivision thereof, under authority granted to it by the legislature or by the constitution. Any person resisting the payment of any amount of tax found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax and shall give the officer notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If suit is filed within such time for the recovery of the tax, such amount so segregated shall be further held pending the outcome of the suit. If the taxpayer prevails, the officer shall refund the amount to the taxpayer with interest at the rate of two per centum per annum for the period from the date such funds were received by the officer to the date of such refund.
B. The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of such right respecting the legality of any tax accrued or accruing or the method of enforcement thereof. In any such suit, service of process upon the officer designated by law for the collection of the tax shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
....
D. The right of action provided in this section shall be in addition to any rights elsewhere provided in this Sub-title, including R.S. 47:1998, affording taxpayers an opportunity to test the legality or correctness of their assessments or ad valorem taxes paid under protest before the courts of state.
The question to be decided in this assignment of error is when must the payment under protest be made to preserve the right to file suit within thirty days.
The following rules of statutory construction may be found in Bunch v. Town of St. Francisville, 446 So.2d at 1360, and are applicable in the instant case:
The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question *491 which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker....
When the expressions of a law are `dubious', the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it.... When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory.
La.R.S. 47:2101(A)(1) provides, in pertinent part, that "[a]ll taxes shall be collected in the calendar year in which the assessment thereof is made, ... and the taxes assessed in each year shall be due in that calendar year as soon as the tax roll is filed in the office of the recorder of mortgages,... and they shall be paid on or before the thirty-first day of December in each respective year in order to avoid the notice, advertisement, and sale required by Article VII, Section 25 of the Louisiana Constitution." This statute and La.R.S. 47:2110 are located in Part II (Payment and Collection Procedure) of Chapter 4 (Payment and Collection) of Sub-Title III (Provisions Relating to Ad Valorem Taxes) of Title 47 (Revenue and Taxation). When La.R.S. 47:2101(A)(1) and 47:2110 are construed in pari materia (La.C.C. art. 17), we conclude that the payment under protest (collection of the tax) must be made in the calendar year (not later than December 31) in which the assessment is made.
Such an interpretation is harmonious with the provisions of La. Const. of 1974, art. VII, § 25(A) and La.R.S. 47:2171. Article VII, Section 25(A) provides, in pertinent part, as follows:
However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due.
La.R.S. 47:2171 provides, in pertinent part, as follows:
On December 31 of each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes which have been assessed to him on movable property a written or printed notice, setting forth in substance that the taxes assessed to such taxpayer on movable property in the parish fell due and should have been paid in full on or before December 31; stating the aggregate assessed value of the property and the aggregate sum of the taxes for the current and all preceding years due thereon; that the taxpayer became delinquent for such taxes on December 31; that thirty days after receipt of said notice, the tax collector will seize and advertise for sale the movable property on which the taxes are due in the manner provided by law for judicial sales; that at the principal front door of the courthouse, where the civil district court of the parish is held or at the place of seizure or storage in the parish of Orleans, he will sell within the legal hours for judicial sales, for cash, and without appraisement, such portion of the movable property as the taxpayer shall point out and deliver to the tax collector, and in case the taxpayer shall not point out sufficient property that he will at once and without further delay sell for cash, without appraisement, the least quantity of the movable property which any bidder will buy for the amount of taxes assessed upon it with interest and costs for the current and all preceding years and attorney fees. [Emphasis added.]
These provisions emphasize that ad valorem taxes are payable in full on or before December 31 of the tax year and that a penalty for nonpayment is a tax sale of the property. These provisions do not indicate that a taxpayer should be allowed the right *492 to litigate a delinquent tax by payment under protest.
The evident public policy behind Louisiana's constitutional and statutory scheme for the payment and collection of ad valorem taxes contemplates timely payment, whether under protest or not. Only timely payment preserves the right to litigate the validity of the tax in court. Thus, if the plaintiff-appellant had chosen to contest the correctness[2] of the assessment pursuant to the procedure required by La. Const. of 1974, art. VII, § 18(E), it, nevertheless, would have been required to timely pay the taxes under protest. La.R.S. 47:1998(A). To adopt the plaintiff-appellant's argument would be to give litigants suing under La.R.S. 47:2110 a substantial advantage over those pursuing a correctness claim under La.R.S. 47:1998.
Finally, La.R.S. 47:2110 specifically provides that any person resisting the payment of a tax found due may reserve his right to judicially litigate its validity by paying the amount found due. Pursuant to La.R.S. 47:2101(A)(1) "taxes assessed in each year shall be due in that calendar year...." [Emphasis added.] La. Const. of 1974, art. VII, § 25(A) provides for the sale of property for taxes "at the expiration of the year in which the taxes are due...." [Emphasis added.] La.R.S. 47:2171 provides that the delinquency notice sent by the assessor to the errant taxpayer shall set forth, in pertinent part, that the taxes "fell due and should have been paid in full on or before December 31...." [Emphasis added]. Ad valorem taxes are due during the year in which they are assessed and are delinquent thereafter. La.R.S. 47:2110 provides for payment under protest of taxes that are due, not those that are delinquent.
The petition asserts that the 1984 taxes were paid under protest on March 5, 1985. For purposes of the objection of prescription herein, this fact must be assumed to be true. On that date, the taxes were no longer due; they were delinquent. Those taxes were due on or before December 31, 1984. The payment made herein was not timely and did not preserve the plaintiff-appellant's right to litigate pursuant to La.R.S. 47:2110.[3]
The trial court correctly sustained the peremptory exception pleading the objection of prescription. This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court sustaining the peremptory *493 exception raising the objection of prescription is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Assignments of error 1 and 2 pertain to the judgment sustaining the objection of no cause of action. Because we find the objection of prescription well-founded, it is unnecessary to rule on these assignments of error.
[2] Constitutionally, the correctness of assessments by the assessor must be appealed administratively first to the parish governing authority (Board of Review) and then to the Louisiana Tax Commission; thereafter, the assessment may be appealed judicially. La. Const. of 1974, art. VII, § 18(E); La.R.S. 47:1992; La.R.S. 47:1989; La.R.S. 47:1998. Plaintiff-appellant does not allege in its petition or assert in brief that it complied with the above procedure. The plaintiff-appellant contends "the assessment of its property violates the 15% of fair market value limitation contained in" Article VII, § 18(B), that this is an attack on the collection of the tax and not its correctness, and that the procedure set forth in La.R.S. 47:2110 is available to it.

Clearly, if La.R.S. 47:2110 conflicts with Article VII, § 18(E), it is unconstitutional. Thus, La.R.S. 47:2110 must be construed as being applicable to only noncorrectness claims if it is to have validity. Thus, a taxpayer could assert a claim of tax exemption or immunity directly through a 47:2110 action. Allied Chemical Corporation v. Iberville Parish Police Jury, 426 So.2d 1336 (La.1983); Madison Community Apartments, Inc. v. Madison Parish Police Jury, 444 So.2d 1352 (La.App. 2nd Cir.1984); United Gas Pipe Line Company v. Whitman, 390 So.2d 913 (La.App. 2nd Cir.1980), writ denied, 396 So.2d 928 and 929 (La.1981); Enterprise Products Company v. Whitman, 364 So.2d 634 (La.App. 2nd Cir.1978), writ denied, 366 So.2d 916 (La.1979).
Because we find that the claim filed herein is untimely under La.R.S. 47:2110, it is unnecessary for us to determine if the claim is actually a noncorrectness claim. (If the claim actually attacks the correctness of the assessment, the plaintiff-appellant has not complied with the constitutionally and statutorily required procedure to assert the claim.)
[3] Because we find as a matter of law that this claim was not timely under La.R.S. 47:2110, it is not necessary for us to determine whether the time period here in question is prescriptive or peremptive; under either concept, the result is the same. Cf. Bryant v. Middlebrooks, 486 So.2d 188 (La.App. 1st Cir.1986).