673 So.2d 212 (1996)
COMM-CARE CORPORATION, Plaintiff-Appellant,
v.
M. Bolivar BISHOP, Etc., Defendant-Appellee.
No. 95-1246.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
Rehearing Denied May 30, 1996.
John A. Stassi, II, Paul Slocomb West, Baton Rouge, for Comm-Care Corporation.
David Ramsey Lestage, De Ridder, for M. Bolivar Bishop etc.
Before COOKS, DECUIR and GREMILLION, JJ.
COOKS, Judge.
This is a suit for recovery of ad valorem taxes paid under protest. The plaintiff, Comm-Care Corporation, appeals the trial court's grant of defendant's exception of prescription. For the following reasons, we reverse.

FACTS
Comm-Care Corporation was organized January 12, 1984. Article 2 of the Articles of Incorporation stated as follows:
This corporation is organized and shall be operated exclusively for charitable, scientific, and educational purposes.
In a letter dated May 16, 1984, the Internal Revenue Service determined that Comm-Care was exempt from Federal income tax under section 501(c)(3) of the Internal Revenue Code.
On December 29, 1992, Comm-Care amended its Articles of Incorporation. However, Article 2 as set out above remained unchanged. On April 15, 1993, the IRS determined that Comm-Care remained exempt from federal taxes; and, Comm-Care's acquisition of ten nursing homes was consistent with its charitable purpose and would not affect its tax exempt status.
On March 1, 1994, Comm-Care bought Beauregard Nursing Home and nine other nursing homes in eight other parishes. On April 20, 1994 Comm-Care notified Beauregard Parish's tax assessor of these acquisitions and its exempt status. Despite this, the assessor refused to recognize Comm-Care's tax exempt status, and assessed the Nursing Home for 1994 ad valorem taxes. On March 28, 1995, Comm-Care paid the taxes under protest to M. Bolivar Bishop in his capacity as Sheriff and Tax Collector, and filed this action on April 5, 1995, to contest the legality of the assessment and to recover the taxes paid under protest.
Bishop filed declinatory and dilatory exceptions alleging lack of subject matter jurisdiction and prematurity and a peremptory exception of prescription. After arguments *213 on the exceptions, the trial court denied Bishop's declinatory and dilatory exceptions. However, the court granted Bishop's exception raising prescription as a bar to Comm-Care's action. From the latter ruling, Comm-Care lodged this appeal.

ANALYSIS
The lone issue on appeal is whether La. R.S. 47:2110 bars a taxpayer from seeking a refund of taxes paid under protest if not timely tendered. La.R.S. 47:2110 provides in pertinent part as follows:
A. No court of this state shall issue any process whatsoever to restrain the collection of an ad valorem tax imposed by the state, or by any political subdivision thereof, under authority granted to it by the legislature or by the constitution. Any person resisting the payment of any amount of tax found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax and shall give the officer notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If suit is filed within such time for the recovery of the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit. That portion of the taxes paid by the taxpayer to the officer which is not in dispute shall not be made subject to the protest. If the taxpayer prevails, the officer shall refund the amount to the taxpayer with interest at the rate of two percent per annum from the date such funds were received by the officer to the date of such refund. If the taxpayer does not prevail, the taxpayer shall be liable for the additional taxes together with interest at the rate of two percent per annum from the date the notice of intention to file suit for recovery of taxes was given to the officer until the date such taxes are paid.
B. The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of such right respecting the legality of any tax accrued or accruing or the method of enforcement thereof. In any such suit, service of process upon the officer designated by law shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
* * * * * *
D. The right of action provided in this section shall be in addition to any rights elsewhere provided in this Subtitle, including R.S. 47:1998, affording taxpayers an opportunity to test the legality or correctness of their assessment or ad valorem taxes paid under protest before the courts of state.
The Collector maintains the 1994 ad valorem taxes assessed to Comm-Care were not paid until March of 1995, after the due date; and, therefore, Comm-Care's action seeking a refund is time barred. He concedes when payment was made Comm-Care gave notice of its intent to file suit to recover the taxes paid under protest, and suit was filed within 30 days. Comm-Care contends this is all that is required under La.R.S. 47:2110. The trial court held, however, La. R.S. 47:2110 also requires timely payment of taxes for post-deprivation relief. Bishop cites Capital Drilling Company v. Graves, 496 So.2d 487 (La.App. 1 Cir.1986), as supporting authority for the trial court's ruling. In that case the court stated:
"The petition asserts that the 1984 taxes were paid under protest on March 5, 1985. For purposes of the objection of prescription herein, this fact must be assumed to be true. On that date, the taxes were no longer due; they were delinquent. Those taxes were due on or before December 31, 1984. The payment herein was not timely and did not preserve the plaintiff-appellant's right to litigate pursuant to La.R.S. 47:2110."
*214 The court in Capital Drilling found any taxes not paid before the end of the calender year became delinquent, and that R.S. 47:2110 "provides for payment of taxes that are due, not those that are delinquent." The court also reasoned that to adopt the plaintiff's argument in Capital Drilling that the timeliness of payment is not a factor under La.R.S. 47:2110 would "give litigants suing under [this provision] a substantial advantage over those pursuing a correctness claim under La.R.S. 47:1998."
However, we first note subsection D of La.R.S. 47:2110 states "[T]he right of action provided in this section shall be in addition to any rights elsewhere provided in this Sub-title, including La.R.S. 47:1998."[1] There is no express requirement in the statute that taxes must be paid timely. If the legislature desired to make this a requirement it could have specifically incorporated language to that effect in the statute.
The Collector argues statutes should be construed with all other statutes on the same subject matter and interpreted as a whole. We are asked to interpret La.R.S. 47:2110 with other ad valorem statutes, including La. R.S. 47:1998. The Collector encourages us to read into La.R.S. 47:2110 the requirement found in La.R.S. 47:1998 that a taxpayer cannot contest the correctness of an assessment if not timely paid. This interpretation, as noted by Comm-Care defeats La.R.S. 47:2110's purpose. When enacted this statute's aim was to provide "a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him," as mandated by Article X of the 1921 Louisiana Constitution. The special purpose of La.R.S. 47:2110 is to provide relief to taxpayers attacking the legality of assessed taxes, not the correctness of such taxes. As mentioned, subsection D of this provision clearly states "the right of action provided in this section shall be in addition to any rights elsewhere provided in this Sub-title ..." This subsection expresses the Legislature's intent to provide a separate remedy for taxpayers attacking the legality of assessed taxes apart from any relief provided them for the payment of ad valorem taxes incorrectly assessed.
Louisiana Civil Code article 9 instructs "[W]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written." La.R.S. 47:2110 is clear and unambiguous. To read it in pari materia with the other ad valorem statutes, in search of legislative intent, violates the rules of statutory construction.[2] Accordingly, we reverse the trial court's grant of prescription.

DECREE
For the reasons expressed above, we reverse the judgment of the trial court granting the exception of prescription. All costs of this appeal are assessed against defendant-appellee.
REVERSED.
NOTES
[1] Emphasis by italics was added.
[2] The Collector cites First National Bank v. City of New Orleans, 555 So.2d 1345 (La.1990) as supporting his "in pari materia" argument. He referenced the following passage from that case:

"Generally, a statutory provision should be construed along with the remainder of the statute, and all statutes on the same subject matter should also be read together and interpreted as a whole. La.Civ.Code art. 13; Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La. 1980). The bank share tax at issue in the instant case (La.R.S. 47:1967) is an ad valorem tax. It is located in Subtitle III (Provisions Relating to Ad Valorem Taxes) in Title 47 (Revenue and Taxation) of the Revised Statutes. The only provisions authorizing a taxpayer to contest ad valorem taxes by seeking judicial review are La.R.S. 47:2110 and La.R.S. 47:1998."
Louisiana Civil Code article 13 instructs that "Laws on the same subject matter must be interpreted in reference to each other." However, it does not require us in this case to bypass the instruction first given in La.Civil Code article 9. La.R.S. 47:2110, when applied as written, does not lead to absurd consequences nor conflict with other ad valorem tax provisions.