673 So.2d 311 (1996)
Shelby "Mike" GRAVES
v.
BUSINELLE TOWING CORP.
No. 95 CA 1999.
Court of Appeal of Louisiana, First Circuit.
April 30, 1996.
*312 Joseph W. Greenwald and Chris L. Whittington, Baton Rouge, for Plaintiff/Appellee, Shelby "Mike" Graves.
Paul David, Lafayette, for Defendant/Appellant, Businelle Towing Corp.
Before CARTER and PITCHER, JJ., and CRAIN[1], J. Pro Tem.
CARTER, Judge.
This is an appeal from a trial court judgment, assessing penalties against defendants for their failure to timely tender settlement funds.

BACKGROUND
On May 20, 1993, plaintiff, Shelby "Mike" Graves, filed an action for damages under the Jones Act and general maritime law for unseaworthiness against defendants, Businelle Towing Corporation and its insurer, Compagnie d'Assurances Maritimes, Aerriennes et Terrestres. On August 23, 1994, the matter went to trial. On August 26, 1994, the third day of trial, the parties agreed to settle plaintiff's claims for the sum of $75,000.00, and the settlement agreement was read into the trial court record. Under the terms of the agreement, defendants were to tender the settlement funds within forty-five (45) days, or on or before October 10, 1994. On October 10, 1994, the settlement funds had not been tendered by defendants.

FACTS
On October 12, 1994, plaintiff filed a motion and order to enforce the settlement and for penalties for defendants' failure to timely tender the settlement funds.[2]
In opposition to the motion, defendants submitted a memorandum, indicating that the claims adjuster handling this matter in London had become ill and was absent from work from October 3 through October 10, 1994, and was unable to provide the settlement funds by October 10, 1994. The memorandum also indicates that, because counsel for defendants was preparing for his scheduled October 11, 1994, surgery, "the illness of the London claims representative went undiscovered until it was too late."
*313 Attached to the opposition memorandum is a copy of a letter, dated October 17, 1994, which was sent via Federal Express from defense counsel to plaintiff's counsel, indicating that the settlement check in the amount of $75,000.00 was enclosed and that "negotiation of the enclosed check will complete the settlement" of plaintiff's claims against Businelle Towing Corporation and its insurer. A copy of the settlement check, dated October 13, 1994, is also attached to the opposition memorandum.
On November 15, 1994, a hearing on the motion for penalties was held, at which time the parties stipulated that the settlement funds were tendered to plaintiff seven (7) days late.[3] At the conclusion of the hearing, the trial court stated as follows:
Counsel for plaintiff is asking this Court to summarily hold the defendant in contempt of court and to award sanctions. I don't know how much sanctions is [sic] requested. There's been no indicationnothing specific prayed for. There's certainly been no testimony, no evidence that there has been at this point damages sustained by the plaintiff as a result of the delay in seven days. Under the, quote, unquote, `Jones Act, seaman status' of the plaintiff, petitioner ask [sic] this Court to take action that is certainly new to this Court, and by just imposing sanctions, I know a seaman is a ward of the court and he is afforded much protection historically. The cases have indicated that. But, there certainly must be a limit to that. I don't know where the limit stops.... At first blush I think if there were damages sustained perhaps there would be a cause of action for petition for recovered damages as a result of breach of contract and that certainly that would [be] available to petitioner. As far as summary sanctions, holding thein contempt of court under the guise of seaman, this Court has no case law, no federal law to assist this Court in making a decision whether or not I have that authority. Therefore, I'm going to take this matter under advisement.
On December 5, 1994, the trial court rendered judgment, without assigning reasons, against defendants for penalties in the amount of $5,000.00. Defendants appealed, assigning the following specifications of error:[4]
1. The trial court erred in imposing sanctions against Defendants/Appellants in the amount of $5,000.00.
2. There is no basis under maritime law to allow or support the trial court's award of $5,000.00 to Plaintiff.
3. There is no basis under Louisiana law to allow or support the trial court's award of $5,000.00 to Plaintiff.
4. The trial court erred in awarding Plaintiff $5,000.00 when Plaintiff failed to allege damages and the trial court specifically found that Plaintiff failed to prove that he had suffered any damages as a result of the delay.
5. The trial court erred in awarding $5,000.00 to Plaintiff when there was neither any allegation nor proof of bad faith or willful or wanton conduct on the part of Defendants.
6. The trial court erred in awarding $5,000.00 to Plaintiff, as any possible claim for sanctions by Plaintiff against Defendants was extinguished based upon the doctrine of accord and satisfaction.
Plaintiff answered the appeal, contending that the trial court erred in assessing penalties of only $5,000.00 and in failing to award attorney's fees.

AWARD OF PENALTIES
Defendants contend that the trial court erred in imposing penalties in the amount of $5,000.00 against them because there is no basis for the award under any of the following: (1) the Jones Act; (2) general maritime law; or (3) Louisiana law.

A. Jones Act/Maritime Law

Under the Jones Act and general maritime law, recoverable losses are limited *314 to pecuniary losses. Miles v. Apex Marine Corporation, 498 U.S. 19, 32-33, 111 S.Ct. 317, 325-26, 112 L.Ed.2d 275 (1990); Guevara v. Maritime Overseas Corporation, 92-4711 (5th Cir. 7/26/95); 59 F.3d 1496, 1513, cert. denied, ___ U.S. ___, 116 S.Ct. 706, 133 L.Ed.2d 662 (1995); Bridgett v. Odeco, Inc., 93-1536 (La.App. 4th Cir. 12/15/94); 646 So.2d 1249, 1254; writs denied, 95-0381, 95-0398 (La. 3/30/95); 651 So.2d 840; Gray v. Texaco, Inc., 610 So.2d 1090, 1096 (La.App. 3rd Cir.1992), writs denied, 616 So.2d 686, 687 (La.1993). Punitive damages are classified as nonpecuniary damages. Bridgett v. Odeco, Inc., 646 So.2d at 1252. Because plaintiff's recoverable losses under the Jones Act and general maritime law are limited to pecuniary damages and because punitive damages are classified as non-pecuniary damages, the penalties imposed against defendants in this case are not recoverable under the Jones Act or general maritime law.

B. Louisiana Law

The only basis offered for the award of penalties to plaintiff under Louisiana law is LSA-R.S. 22:1220,[5] which provides, in pertinent part, as follows:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
D. The provisions of this Section shall not be applicable to claims made under health and accident insurance policies. (Emphasis added).
This court has previously held that, unlike the penalty provision of LSA-R.S. 22:658, the penalty provision of LSA-R.S. 22:1220 C is applicable only after a showing of damages actually suffered as a result of the breach of the insurer's duties.[6]Khaled v. Windham, 94-2171 p. 12 (La.App. 1st Cir. 6/23/95); 657 So.2d 672, 680; Champagne v. Hartford Casualty Insurance Group, 607 So.2d 752, 758 (La.App. 1st Cir.1992). However, in Midland Risk Insurance Company v. State Farm Mutual Auto Insurance Company, 93-1611, p. 3 (La.App. 3rd Cir. 9/21/94); 643 So.2d 242, 244, our brethren of *315 the Third Circuit held that the penalty provision of LSA-R.S. 22:1220 C is applicable absent a showing of actual damages sustained as a result of the breach.[7] We are not bound to follow decisions of another circuit, and the "law of the circuit" rule requires that we follow prior decisions of our own circuit. See Monsanto Company v. St. Charles Parish School Board, 93-847 (La.App. 5th Cir. 5/11/94); 638 So.2d 257, 260; affirmed, 94-2145 (La. 2/20/95); 650 So.2d 753; Nungesser v. Nungesser, 558 So.2d 695, 700 (La.App. 1st Cir.), writ denied, 560 So.2d 30 (La.1990). As a result, the law in the First Circuit is clear that LSA-R.S. 22:1220 C is inapplicable absent a showing of actual damages sustained as a result of the breach of the insurer's duties.
Having determined that plaintiff must establish that he actually suffered damages as a result of the breach before the penalty provision of LSA-R.S. 22:1220 C can be invoked, we must review the evidence presented at the hearing to determine whether plaintiff proved that he actually sustained damages as a result of the insurer's breach of its duties under LSA-R.S. 22:1220 C.
Whether a party has proved that he or she actually suffered damages as a result of the insurer's breach is a factual determination to be made by the trial court. In Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993), the Louisiana Supreme Court enunciated a two-part test for the reversal of a fact finder's determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882.
In the instant case, the trial judge determined that there was no evidence that plaintiff sustained any damages as a result of the seven-day delay in tendering the settlement funds. At the November 15, 1994, hearing, plaintiff testified that, in reliance on timely receipt of the settlement funds, he incurred debts by purchasing a mobile home and a truck. According to plaintiff, his creditors were "hounding" him while he awaited tender of the settlement funds, and he was required to "work things out" with his creditors. However, plaintiff acknowledged that his creditors did not repossess his mobile home or truck, and there was no evidence to indicate that plaintiff's credit was damaged as a result of the seven-day delay.
Based on the record before us, we find that there is a reasonable factual basis for the trial court's determination that plaintiff did not sustain any damages as a result of any breach of the insurer's duty under LSA-R.S. 22:1220. Moreover, we cannot say that the trial court was manifestly erroneous or clearly wrong in finding that plaintiff failed to prove that he sustained any actual damages as a result of the seven-day delay in tendering the settlement funds. Because we have determined that the trial court was not manifestly erroneous in finding that plaintiff failed to prove that he sustained actual damages as a result of the seven-day delay, penalties are not recoverable under LSA-R.S. 22:1220 C.
*316 In conclusion, after reviewing the statutory law, jurisprudence, and the record before us, we conclude that the trial court was without authority to assess penalties against defendants in the instant case. Under the Jones Act and general maritime law, nonpecuniary damages, such as penalties, are not recoverable damages. Under Louisiana law, the only basis urged by the plaintiff for the assessment of penalties was LSA-R.S. 22:1220, which requires proof of actual damages sustained as result of the insurer's breach of its duties prior to an award of penalties, and which the trial court determined, and we agree, plaintiff failed to prove. See Khaled v. Windham, 657 So.2d at 680; Champagne v. Hartford Casualty Insurance Group, 607 So.2d at 758.

PLAINTIFFS' CLAIMS
Plaintiff answered the appeal, contending that the trial court erred in awarding only $5,000.00 in penalties and in failing to award attorney's fees.
Because we have concluded that the trial court was without authority to assess penalties against defendants, it is unnecessary to address plaintiff's contention that the trial court should have awarded additional penalties.
With regard to the award of attorney's fees, attorney's fees are not recoverable under Jones Act or general maritime law for an insurer's failure to pay settlement funds within a specified time frame. Moreover, as a general rule, Louisiana law does not allow the award of attorney's fees, except where authorized by statute or contract. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756, 763 (La.1985); General Motors Acceptance Corporation v. Meyers, 385 So.2d 245, 247 (La.1980).
In the instant case, attorney's fees are not recoverable under Jones Act or general maritime law. Attorney's fees are not specifically provided for in LSA-R.S. 22:1220. Plaintiff has not argued, and we could not find, any other statutory provision which authorizes an award of attorney's fees under these circumstances. Moreover, the settlement agreement between the parties failed to make any provision for attorney's fees for a party's failure to fulfill its obligations under the terms of the agreement. As a result, plaintiff's claim for an award of attorney's fees is without merit.

CONCLUSION
For the foregoing reasons, the trial court judgment, assessing defendants with penalties in the amount of $5,000.00, is reversed. Costs are assessed against plaintiff and defendants equally.
REVERSED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] Apparently, the motion was hand-delivered to the judge's office on October 12, 1994, but was not filed with the Clerk's office until October 27, 1994.
[3] Because the settlement funds had been tendered, the portion of the motion requesting enforcement of the settlement had become moot.
[4] Although the opinion does not address each assignment of error separately, it adequately disposes of all issues raised.
[5] LSA-R.S. 22:1220 sets forth the insurer's duty of good faith and fair dealing and provides for penalties against an insurer for the breach of that duty. However, this statutory provision does not render an insured liable to a third party for the insurer's breach of its duty.
[6] LSA-R.S. 22:658 B is a penalty provision in the Insurance Code under Part XIV, entitled "The Insurance Contract." LSA-R.S. 22:1220 C is a penalty provision under Part XXVI, entitled "Unfair Trade Practices."
[7] In Hall v. State Farm Automobile Insurance Company, 94-867 (La.App.3rd Cir. 5/31/95); 658 So.2d 204, 208, the court noted that the insurer correctly argued that the penalty provision of LSA-R.S. 22:1220C is applicable only after a showing of damages actually suffered as a result of the breach, citing Champagne v. Hartford Casualty Insurance Group, 607 So.2d 752 (La.App. 1st Cir.1992). The court, however, went on to hold that "[i]f there are no damages proven as a result of the breach itself, then the maximum amount that can be awarded is $5,000.00 in penalties."