805 So.2d 386 (2001)
LOUISIANA EMPLOYERS-MANAGED INSURANCE COMPANY
v.
The Honorable Elmer LITCHFIELD, Sheriff of East Baton Rouge Parish.
No. 2001 CA 0123.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
*387 John F. McDermott, John Ashley Moore, Taylor, Porter, Brooks & Phillips, L.L.P., Baton Rouge, LA, for plaintiff-appellant, Louisiana Employers-Managed Insurance Company.
Leu Anne Lester Greco, Greco & Greco, A Law Corporation, Baton Rouge, LA, for defendant-appellee, Sheriff Elmer B. Litchfield.
Before: CARTER, C.J., PARRO, and CLAIBORNE,[1] JJ.
PARRO, Judge.
In this case, a taxpayer challenges a trial court judgment dismissing its suit for recovery of taxes paid under protest, based on a peremptory exception raising the objection of prescription filed by the tax collector. This appeal addresses the salient issue of when a taxpayer's right to litigate for a refund of taxes paid under protest prescribes.

Factual and Procedural Background
According to the allegations of its petition, Louisiana Employers-Managed Insurance Company (LEMIC) is a stock insurance company as defined in LSA-R.S. 22:71 et seq. In the spring of 1999, the taxing authority assessed LEMIC with personal property taxes for the year 1998 in the amount of $11,374.69. On May 18, 2000, LEMIC paid $11,374.69 under protest to the sheriff of East Baton Rouge Parish.
On June 13, 2000, LEMIC filed a petition for the recovery of personal property taxes paid under protest against Elmer Litchfield, in his official capacity as sheriff and ex officio tax collector for the Parish of East Baton Rouge. LEMIC's protest was based on the position that the taxing authority failed to calculate its taxes on a credit assessment basis in violation of LSA-Const. art. VII, § 21. Subsequently, Sheriff Litchfield filed a peremptory exception raising the objection of prescription, claiming LEMIC failed to timely pay the protested taxes before December 31, 1999, and its right to protest the validity of the tax had therefore prescribed. After a hearing, the trial court sustained Sheriff Litchfield's exception and dismissed LEMIC's claim with prejudice. LEMIC appealed, urging the following assignments of error:
1. The Trial Court erred in maintaining the Taxing Authority's exception of prescription, because the statute under which this cause of action arises does not require that the subject taxes must be paid timely.
2. The Trial Court erred by reading La.R.S. 47:2110 in pari materia with La.R.S. 47:1998, because these two statutes were enacted at different times for different purposes.
3. The Trial Court erred by denying LEMIC its remedy under La.R.S. 47:2110, which was enacted for the stated legislative purpose of providing a post-deprivation remedy to taxpayers to satisfy the due process clause of the 14th Amendment to the United States Constitution.

Timeliness of Payment
At the trial of a peremptory exception raising an objection of prescription, *388 evidence may be introduced. LSA-C.C.P. art. 931. In this case, however, no evidence relative to Sheriff Litchfield's objection of prescription was introduced at the hearing. In the absence of evidence, the objection of prescription must be based upon the facts alleged in the petition, and all allegations thereof are accepted as true. Capital Drilling Company v. Graves, 496 So.2d 487, 488 (La.App. 1st Cir.1986) (Capital).
Accepting its allegations as true, LEMIC's petition establishes that in May 2000, the taxes assessed to LEMIC in 1999 were paid to the tax collector (Sheriff Litchfield) under protest. Based on Comm-Care Corporation v. Louisiana Tax Commission, 96-0039 (La.App. 1st Cir. 9/27/96), 681 So.2d 1001 (Tax Commission), the trial court concluded a timely payment of the taxes under protest must have been made in order to preserve the right to litigate the validity of the tax under the provisions of LSA-R.S. 47:2110. The trial court found in order to have been timely, LEMIC should have made payment by December 31, 1999. LEMIC challenges this finding.
Concerning the time for payment of ad valorem taxes, LSA-R.S. 47:2101(A)(1) provides:
All taxes shall be collected in the calendar year in which the assessment thereof is made, and they shall be designated as the "taxes for the year ____", accordingly as they are collectible, and the taxes assessed in each year shall be due in that calendar year as soon as the tax roll is filed in the office of the recorder of mortgages, ... and they shall be paid on or before the thirty-first day of December in each respective year in order to avoid the notice, advertisement, and sale required by Article VII, Section 25 of the Louisiana Constitution....
Suits to recover taxes paid under protest on legality grounds are governed by LSA-R.S. 47:2110(A). When LEMIC paid the disputed taxes and asserted its cause of action for recovery of taxes paid under protest, LSA-R.S. 47:2110 provided in relevant part:[2]
A. (1) No court of this state shall issue any process whatsoever to restrain or render any decision that shall have the effect of impeding the collection of an ad valorem tax imposed by the state, or by any political subdivision thereof, under authority granted to it by the legislature or by the constitution.
(2) Any person resisting the payment of any amount of tax due shall pay the amount due to the officer designated by law for the collection of such tax and shall give him, the parish or district assessor, and the Louisiana Tax Commission written notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If a suit is timely filed contesting the correctness of the assessment pursuant to R.S. 47:1856, 1857, or 1998 and seeking the recovery of the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit. That portion of the taxes paid by the taxpayer to the officer which is neither in dispute nor the subject of a suit contesting the correctness pursuant to R.S. 47:1856, 1857, or 1998 shall not be made subject to the protest.

*389 * * *
B. The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of such right respecting the legality of any tax accrued or accruing or the method of enforcement thereof. In any such suit, service of process upon the officer or agency designated and provided for in R.S. 47:1998(A)(2) or (B)(3) or Subsection A of this Section shall be required.
C. The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action at law in the state or federal courts where any tax or the collection thereof is claimed to be an unlawful burden upon interstate commerce, or in violation of any act of the Congress of the United States, the Constitution of the United States, or the constitution of the state....
D. An assessment valuation shall be challenged only pursuant to the method or procedures as provided first in R.S. 47:1992, then R.S. 47:1989, and finally R.S. 47:1998.
* * *
Prior to April 17, 2000, the effective date of 2000 La. Acts, 1st Ex. Sess., No. 74, § 1, LSA-R.S. 47:2110 provided, in pertinent part:
A. No court of this state shall issue any process whatsoever to restrain the collection of an ad valorem tax imposed by the state, or by any political subdivision thereof, under authority granted to it by the legislature or by the constitution. Any person resisting the payment of any amount of tax found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax and shall give him and the officer or agency that has given rise to the cause of action notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If suit is filed within such time for the recovery of the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit. That portion of the taxes paid by the taxpayer to the officer which is not in dispute shall not be made subject to the protest. If the taxpayer prevails, the officer shall refund the amount to the taxpayer with interest at the actual rate earned on the money paid under protest in the escrow account during the period from the date such funds were received by the officer to the date of such refund. If the taxpayer does not prevail, the taxpayer shall be liable for the additional taxes together with interest at the rate set forth above during the period from the date the notice of intention to file suit for recovery of taxes was given to the officer until the date such taxes are paid.
B. The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of such right respecting the legality of any tax accrued or accruing or the method of enforcement thereof. In any such suit, *390 service of process upon the officer designated by law for the collection of the tax shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
* * *
D. The right of action provided in this section shall be in addition to any rights elsewhere provided in this Subtitle, including R.S. 47:1998, affording taxpayers an opportunity to test the legality or correctness of their assessments or ad valorem taxes paid under protest before the courts of state.
* * *
Because the language in this statute relevant to the issue before this court remained substantially unchanged, we find it unnecessary to determine which version of this statute is applicable in the instant case. We likewise are guided by the prior jurisprudence on this issue which interpreted the pre-April 17, 2000 version of LSA-R.S. 47:2110.
LEMIC contends the trial court erred in dismissing its claim because LSA-R.S. 47:2110 does not require that the protested taxes be paid before December 31 of the tax year in which the taxes are due. On the other hand, Sheriff Litchfield argues that LSA-R.S. 47:2110 must be read in pari materia with LSA-R.S. 47:2101(A)(1), which requires that all taxes due in a given year be paid on or before the thirty-first day of December in the calendar year in which the assessment is made, in order to avoid the notice, advertisement, and sale of the property.
In Capital, 496 So.2d at 491-492, this court construed LSA-R.S. 47:2110 and 47:2101(A) in pari materia and concluded that payment under protest (collection of the tax) must be made in the calendar year (not later than December 31) in which the assessment is made in order to preserve the right to litigate the validity of the tax. The Capital case was subsequently followed by this court in Tax Commission, 681 So.2d 1001, and by the fourth circuit in Affordable Housing Developers, Inc. v. Kahn, 00-0614 (La.App.4th Cir. 4/25/01), 785 So.2d 251, writ granted, 01-1951 (La.11/2/01), 800 So.2d 861.
The third circuit in Comm-Care Corporation v. Bishop, 95-1246 (La.App.3rd Cir. 3/6/96), 673 So.2d 212 (Bishop), declined to follow this court's reasoning in Capital. Instead, the third circuit found that LSA-R.S. 47:2110 contains no express requirement that taxes must be paid timely in order to preserve the right to litigate the validity of the tax and criticized this court's reference to LSA-R.S. 47:1998 in light of LSA-R.S. 47:2110(D)'s directive that the right of action to contest the legality of a tax is separate from any other right established in LSA-R.S. 47:1702 et seq., particularly the right to challenge the correctness of an assessment afforded by LSA-R.S. 47:1998.[3] Based on its finding *391 that LSA-R.S. 47:2110 is clear and unambiguous, the third circuit refused to read it in pari materia with other ad valorem tax statutes. Bishop, 673 So.2d at 214. In so concluding, the third circuit made no mention of LSA-R.S. 47:2101(A)(1), which, like LSA-R.S. 47:2110, is located in Part II (Payment and Collection Procedure) of Chapter 4 (Payment and Collection) of Subtitle III (Provisions Relating to Ad Valorem Taxes) of Title 47 (Revenue and Taxation).
After considering the third circuit's ruling in Bishop, this court in Tax Commission, 681 So.2d 1001, concluded (contrary to the third circuit's belief) that the holding in Capital did not defeat LSA-R.S. 47:2110's purpose of providing "a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him."[4] Instead, the this court emphasized that making the taxpayer's remedy dependent on the timely payment of the taxes due promotes the goal of promptness, whereas payment under protest subsequent to the conclusion of the tax year would defeat this goal. Tax Commission, 681 So.2d at 1006.
The conflicting Comm-Care Corporation opinions were considered by the supreme court in Comm-Care Corporation v. Bishop, 96-1711 (La.7/1/97), 696 So.2d 969. Relying on this court's opinion in Capital, the supreme court affirmed the sustaining of the peremptory exception raising the objection of prescription by this court in Tax Commission, 681 So.2d 1001, and reversed the third circuit's denial of the taxing authority's objection of prescription in Bishop, 673 So.2d 212. However, on rehearing, the supreme court "set aside the reasoning and holding" of its original opinion, and declared that the issue of prescription was mooted by its determination that Comm-Care Corporation had failed to state a cause of action, effectively saving the December 31 payment deadline issue for another day. Comm-Care Corporation v. Bishop, 96-1711, 96-2455 (La.1/21/98), 706 So.2d 425, 426 (on rehearing). Therefore, whether this court's ruling relative to this issue in Capital will be embraced by the supreme court is still unresolved. In any event, we remain bound by the Capital case because the "law of the circuit" rule requires that we follow our prior decisions. See Graves v. Businelle Towing Corporation, 95-1999 (La.App. 1st Cir. 4/30/96), 673 So.2d 311, 315.
The petition asserts that taxes due in 1999 were paid under protest on May 18, 2000. For purposes of the objection of prescription, this fact must be assumed to be true. On that date, the taxes were no longer due; they were delinquent. Those taxes were due on or before December 31, 1999. The May 2000 payment was not timely and did not preserve LEMIC's right to litigate the validity of the tax pursuant to LSA-R.S. 47:2110 and 2101(A)(1).

Due Process
LEMIC submits the trial court erred in denying its post-deprivation remedy under LSA-R.S. 47:2110 and that such constitutes a denial of its due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. A state has two options to comply with due process. First, a state can provide the avenue of pre-deprivation by allowing *392 the taxpayers the ability to meaningfully challenge the tax before paying it. Secondly, a state can choose the option of post-deprivation by affording its taxpayers an opportunity to challenge the validity of the tax and a certain remedy with the following procedural requirements: (1) only taxpayers paying "under protest" would be entitled to relief; and, (2) the actions could be subject to a short statute of limitations. Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 702-703 (La.1993), citing McKesson v. Division of Alcoholic Beverages & Tobacco, Department of Business Regulation of Florida, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990).
Louisiana Revised Statute 47:2110 provides that a person resisting the payment of an amount of ad valorem tax due shall pay the amount to the proper officer, at which time he shall give to that officer notice of his intention to file suit to recover the tax. Upon receipt of the taxpayer's notice of suit, the officer will segregate the amount and hold it for thirty days. If suit is filed, then that portion of the tax which is being disputed shall be segregated and held pending the outcome of the litigation. If the taxpayer prevails, he is entitled to a refund of the disputed amount with interest. After reviewing LSA-R.S. 47:2110, we find no due process violations. The only reason LEMIC was denied the right to pursue a refund was because it voluntarily chose to pay its taxes under protest beyond the time set forth by LSA-R.S. 47:2101(A)(1) and 2110.
This reasoning was given by the supreme court in Comm-Care Corporation v. Bishop, 696 So.2d 969, as a basis for rejecting Comm-Care's argument that the post-deprivation remedy under LSA-R.S. 47:2101(A) and 2110 violated due process requirements. See Comm-Care Corporation v. Bishop, 696 So.2d at 975. Although this reasoning was subsequently set aside by the supreme court on rehearing, Comm-Care Corporation v. Bishop, 706 So.2d at 426, we find it persuasive and adopt it as our own. Accordingly, LEMIC's argument that its due process rights have been violated is without merit.

Decree
For the foregoing reasons, the judgment of the trial court, sustaining Sheriff Elmer Litchfield's exception raising the objection of prescription and dismissing Louisiana Employers-Managed Insurance Company's suit against Sheriff Elmer Litchfield with prejudice, is affirmed. Costs of this appeal are assessed to Louisiana Employers-Managed Insurance Company.
AFFIRMED.
CARTER, J., concurs with reasons.
CLAIBORNE, J., concurs for reasons assigned by CARTER, C.J.
CARTER, C.J., concurring.
I reluctantly concur with the majority opinion because of the law-of-the-circuit doctrine, which compels us to follow this court's previous decision in Capital Drilling Company v. Graves, 496 So.2d 487 (La.App. 1st Cir.1986). I am of the opinion, however, that the third circuit's decision in Comm-Care Corporation v. Bishop, 95-1246 (La.App. 3d Cir.3/6/96), 673 So.2d 212, employs the better reasoning. There is no express requirement in Louisiana Revised Statute 47:2110 that taxes be paid timely to preserve the right to protest the legality of those taxes. The statute is clear and unambiguous.
NOTES
[1] Judge Ian Claiborne, retired from the Eighteenth Judicial District Court, serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Subsequently, LSA-R.S. 47:2110 was amended by 2001 La. Acts, No. 1149, § 1, effective July 1, 2003. The applicability of Act 1149 is specifically limited to those payments under protest made after June 30, 2001. 2001 La. Acts, No. 1149, § 2.
[3] This court in Capital referenced LSA-R.S. 47:1998 in dicta as further support for its finding by stating:

The evident public policy behind Louisiana's constitutional and statutory scheme for the payment and collection of ad valorem taxes contemplates timely payment, whether under protest or not. Only timely payment preserves the right to litigate the validity of the tax in court. Thus, if the plaintiff-appellant had chosen to contest the correctness of the assessment pursuant to the procedure required by La. Const. of 1974, art. VII, § 18(E), it, nevertheless, would have been required to timely pay the taxes under protest. La.R.S. 47:1998(A). To adopt the plaintiff-appellant's argument would be to give litigants suing under La. R.S. 47:2110 a substantial advantage over those pursuing a correctness claim under La.R.S. 47:1998. (Footnote omitted.) Capital, 496 So.2d at 492. Because the Capital and Tax Commission cases relied on by the trial court are premised on the in pari materia reading of LSA-R.S. 47:2101(A)(1) and 2110, rather than LSA-R.S. 47:2110 and 1998, we find that LEMIC's second assignment lacks merit.
[4] See 1938 La. Acts, No. 330; Tax Commission, 681 So.2d at 1006 n. 10.