BELSOME, J.
LLee Allen Haynes (Haynes) is appealing the trial court’s granting of Assessor Holice T. Jackson, Jr.’s (Jackson) Peremptory Exception of Prescription.
FACTS
Haynes is a resident and property owner in East Feliciana Parish. On May 26, 2004, Haynes filed a petition alleging overpayment of property taxes and seeking a reimbursement. On November 4, 2004, Haynes supplemented and amended his petition to include other allegations against Jackson but again asking for reimbursement for overpaid taxes.
The lawsuit filed by Haynes arose from a dispute with the ad valorem tax bill for 2003. The taxes for 2003 were due on December 31, 2003. Haynes paid his tax bill on April 19, 2004, under protest. A Notice of Tax Appeal accompanied his tax payment. Haynes subsequently filed the petition seeking the reimbursement for overpayment on May 26, 2004.
*306 Jackson filed a Peremptory Exception of Prescription based on Haynes’ noncompliance with La. R.S. 47:211o.[1] The trial court granted the ^exception citing Louisiana Employers-Managed Ins. Co. v. Litchfield, 805 So.2d 886 (La.App. 1st Cir. 2001). This appeal followed.
LAW AND ANALYSIS
On appeal Haynes argues that the trial court erred in granting Jackson’s exception of prescription because he had properly and timely filed an action challenging the validity and/or legality of a change in a tax assessment pursuant to State ex rel. United Seamen’s Service Inc. v. City of New Orleans et al., 209 La. 797, 25 So.2d 596 (1946). In United Seamen’s Service, the issue was whether the property in question was legally exempt from taxation. Id. We find those facts distinguishable from the instant case. As the trial court stated, Haynes’ original and supplemental *307 and amending petitions, seek a judgment determining the amount of taxes overpaid and an order for reimbursement. Therefore, we find the trial court was correct in finding that La. R.S. 47:2110 and Litchfield, supra, are controlling.
In Litchfield, the taxpayer brought an action to recover taxes paid under protest. However, the taxes paid under protest were delinquent. La. R.S. 47:2101[2] requires that ad valorem taxes are due in the calendar year of the assessment. Under the facts of Litchfield the taxes were assessed in 1999 and therefore due on or before December 31, 1999. The payment under protest was not made until May 18, 2000. Even though the taxpayer filed suit for reimbursement within the 30 days required by La. R.S. 47:2110, the Litchfield court, following the holding in Capital Drilling Co. v. Graves, 496 So.2d 487 (La. App. 1st Cir.1986) and Comm-Care Corporation v. Louisiana Tax Commission, 681 So.2d 1001 (La.App. 1st Cir.9/27/96), found that La. R.S. 47:2101 must be read in pari materia with 47:2110. The 1¿result is that a taxpayer waives the right to litigate if their ad valorem taxes are not paid timely.
In sum, Haynes paid the ad valorem taxes assessed in 2003 on April 19, 2004 rather than by December 31, 2003, which made them delinquent under La. R.S. 47:2101(A)(1). Subsequently Haynes filed suit for reimbursement on May 26, 2004, well past the 30 days mandated by La. R.S. 47:2110. Thus, Haynes ability to litigate the overpayment of his taxes was prescribed.
For the reasons set forth we do not find that the trial court erred in granting the exception of prescription filed by Holice T. Jackson, Jr.
AFFIRMED.

. La. R.S. 47:2110 states in part:
Suits to recover taxes paid under protest
A.(1) No court of this state shall issue any process whatsoever to restrain or render any decision that shall have the effect of impeding the collection of an ad valorem tax imposed by the state, or by any political subdivision thereof, under authority granted to it by the legislature or by the constitution.
(2)(i) Any person resisting the payment of any amount of tax due shall pay the amount due to the officer designated by law for the collection of such tax and shall give him, the parish or district assessor, and the Louisiana Tax Commission written notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If a suit is timely filed contesting the correctness of the assessment pursuant to R.S. 47:1998 and seeking the recovery of the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit. That portion of the taxes paid by the taxpayer to the officer which is neither in dispute nor the subject of a suit contesting the correctness pursuant to R.S. 47:1998, shall not be made subject to the protest.
(ii) The parish or district assessor or the tax commission may have adjudicated or file a rule to show cause compelling a taxpayer who has paid taxes under protest to specify the amount of taxes that the taxpayer deems to be in dispute. The court shall then order the release of any monies that are not shown by the taxpayer to be in dispute.
(3) If the taxpayer prevails, the officer shall refund the amount to the taxpayer with interest at the actual rate earned on the money paid under protest in the escrow account during the period from the date such funds were received by the officer to the date of such refund. If the taxpayer does not prevail, the taxpayer shall be liable for the additional taxes together with interest at the rate set forth above during the period from the date the notice of intention to file suit for recovery of taxes was given to the officer until the date such taxes are paid.
B. The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of such right respecting the legality of any tax accrued or accruing or the method of enforcement thereof. In any such suit, service of process upon the officer or agency designated and provided for in R.S. 47:1998(A)(2) or (B)(3) or Subsection A of this Section shall be required.
C. The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action at law in the state or federal courts where any tax or the collection thereof is claimed to be an unlawful burden upon interstate commerce, or in violation of any act of the Congress of the United States, the Constitution of the United States, or the constitution of the state. Upon request of a taxpayer and upon proper showing by such taxpayer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the taxpayer, upon agreement to abide by the pending decision of the courts, may pay the additional assessment under protest but need not file an additional suit.
D. An assessment valuation shall be challenged only pursuant to the method or procedures as provided first in R.S. 47:1992, then R.S. 47:1989, and finally R.S. 47:1998.

. La. R.S. 2101 reads in pertinent part:
Time for payment; notice when due
A. (l)(a) All taxes shall be collected in the calendar year in which the assessment thereof is made, and they shall be designated as the "taxes for the year __”, accordingly as they are collectible, and the taxes assessed in each year shall be due in that calendar year as soon as the tax roll is filed in the office of the recorder of mortgages, except taxes on movable property in the event of a bulk sale under the provisions of the Bulk Sales Law, and they shall be paid on or before the thirty-first day of December in each respective year in order to avoid the notice, advertisement, and sale required by Article VII, Section 25 of the Constitution of Louisiana. In the event of a bulk sale of movable property under the provisions of the Bulk Sales Law, all taxes due on movable property shall be due ten days prior to completion of the transfer or the payment of any consideration therefor and shall be payable upon completion of the bulk sale.