706 So.2d 425 (1998)
COMM-CARE CORPORATION
v.
M. Bolivar BISHOP, etc.
COMM-CARE CORPORATION
v.
M. Bolivar BISHOP, in his official capacity as Sheriff and Tax Collector for The Parish of Beauregard.
Nos. 96-C-1711, 96-C-2455.
Supreme Court of Louisiana.
January 21, 1998.
Rehearing Denied February 20, 1998.
*426 David Ramsey Lestage, Hall, Lestage & Landreneau, for Applicant in No. 96-C-1711.
John A. Stassi, II, Christine W. Marks, Stassi & Griffith, New Orleans, Paul S. West, McGlinchey, Stafford, Lang, Baton Rouge, Kevin R. Tully, William K. Christovich, Christovich & Kearney, New Orleans, for Respondent in No. 96-C-1711 and Applicant in No. 96-C-2455.
Vyrona M. Wiltz, Krotz Springs, James T. Lee, Bunkie, Tony C. Tillman, Leesville, David R. Lestage, Hall, Lestage & Landreneau, DeRidder, Leu A, Greco, Greco & Greco, Baton Rouge, Virgil R. Purvis, Jr., Smith, Taliaferro & Purvis, Jonesville, John F. Weeks, II, Usry & Weeks, Metairie, W. Mark McKee, Blackwell, Chambliss, Henry, Caldwell & Cagle, West Monroe, for Respondent in No. 96-C-2455.

ON REHEARING
TRAYLOR, Justice.[*]
We granted rehearing in this matter in order to determine if our original holding was in error. Without finding that our original opinion was in error, we set aside the reasoning and holding of that opinion as having improvidently considered the prescription issue. We now find that Comm-Care Corporation (Comm-Care) stated no cause of action in its suit to recover allegedly illegally assessed and collected ad valorem taxes, rendering moot the issue of prescription.

FACTS
In 1984 the Internal Revenue Service declared Comm-Care tax-exempt under § 501(c)(3) of the Internal Revenue Code. In 1993 the IRS determined that Comm-Care remained tax-exempt and that the acquisition of ten nursing homes in nine parishes in Louisiana was consistent with that status. Comm-Care purchased the ten nursing homes on March 1, 1994 and informed the tax assessors of each parish and municipality in which a facility was located of the tax-exempt status of the facilities on April 1, 1994. The tax assessors subsequently assessed the nursing homes for 1994 ad valorem taxes and sent notices of the assessments to the facilities in December of 1994, demanding payment by December 31, 1994. Comm-Care paid under protest the full amount of assessed taxes for all facilities in March of 1995 and brought suits on April 5, 1995 in the 36th Judicial District Court of Beauregard Parish and the 19th Judicial District Court of East Baton Rouge Parish for refund of all amounts paid.
The trial court in the Beauregard suit denied the defendant's exceptions of lack of subject matter jurisdiction and prematurity, but sustained his exception of prescription. The Third Circuit Court of Appeal reversed the trial court's grant of prescription. Comm-Care Corporation v. Bishop, 95-1246 (La.App. 3d Cir. 3/6/96); 673 So.2d 212. The East Baton Rouge trial court, however, maintained the defendants' exceptions of no cause of action and prescription, and dismissed the suit. The 1st Circuit Court of Appeal affirmed the trial court's ruling on the exception of prescription without addressing the no cause of action issue. Comm-Care Corporation v. Louisiana Tax Commission, 96-CA-0039 (La.App. 1st Cir 9/27/96); 681 So.2d 1001. In the original consolidated action, this court agreed with the 1st Circuit's finding that Comm-Care's right of action had prescribed.

DISCUSSION
It is well-settled that tax day in Louisiana is January 1, and that the taxable or *427 tax-exempt status of property is determined on that day. E.g., New Orleans Bank and Trust Co. v. City of New Orleans, 176 La. 946, 147 So. 42, 45 (1933). If property is determined to be taxable on January 1, it remains subject to taxation for the entire tax year, even though it may become the property of a tax-exempt organization at some time during the tax year. Id. 147 So. at 45.
Comm-Care argues that because the tax rolls had not yet been filed with the tax collector when the corporation acquired ownership of the nursing homes on March 1, 1994, the property should be tax-exempt from that date forward. Comm-Care cites to the Louisiana Revised Statutes for support of that contention:
All property subject to taxation ... shall be placed upon the assessment lists in the respective parishes or districts where situated. Assessments shall be made on the basis of the condition of things existing on the first day of January of each year; however, as to the ownership of immovable property subject to taxation, the assessor may note on the tax roll any transfer of such property which takes place after the first day of January but before the assessor files the tax roll with the tax collector... If the assessor makes such note on the tax rolls, the tax notice shall then be sent to such owner in lieu of the owner of the property as of January first. La.R.S. 47:1952(A).
Contrary to Comm-Care's argument, 47:1952(A) does not serve to create a "window" prior to the filing of the tax rolls for establishing tax-exempt status. To the contrary, 47:1952(A) supports the opposite conclusion, clearly stating that "[a]ssessments shall be made on the condition of things existing on the first day of January." The language concerning transfer of ownership of taxable property after January 1 merely directs the tax collector to send the tax notice to the owner on the date the assessment is filed, rather than to the owner as of January 1.
The ten nursing homes were all taxable property on January 1, 1994. As such, they remained taxable property throughout the 1994 tax year. Because the property was taxable for the 1994 tax year, the East Baton Rouge trial court properly maintained the defendants' exceptions of no cause of action. Further, although the defendant in the Beauregard suit did not raise an exception of no cause of action, this court may notice sua sponte Comm-Care's failure to state a cause of action. LA.CODE CIV. PROC. art. 927.
Finally, because we conclude that Comm-Care has failed to state a cause of action, it is unnecessary for this court to decide whether a right of action for refund of taxes under La.R.S. 47:2110 prescribes if taxes are not paid on or before December 31.

HOLDING
For the foregoing reasons, which differ from those given by the 1st Circuit Court of Appeal, the Court of Appeal's holding in 96-C-2455 is affirmed. Finding on our own motion plaintiff's failure to state a cause of action, we reverse the 3rd Circuit Court of Appeal's holding in 96-C-1711 and dismiss Comm-Care's suit. All costs of this appeal are assessed against Comm-Care. Because of the unusual procedural posture of this case, counsel will not be precluded from again seeking rehearing with the applicable time delay. Sup.Ct. Rule IX, § 5.
Affirmed in part; reversed in part; rendered.
JOHNSON, J., concurs with reasons.
LEMMON, J., dissents and assigns reasons.
JOHNSON, Justice, concurring.
While I agree with the end result in this action, i.e., dismissal of Comm-Care's petition, it is my position that any relief sought by Comm-Care had in fact prescribed, as was properly noted by the trial court in the decision issued by the First Circuit. Comm-Care Corp. v. Louisiana Tax Com'n, 681 So.2d 1001 (La.App. 1 Cir. 1996). Evidence within the record leads me to conclude that the trial court's ruling was not manifestly erroneous, and therefore should have been affirmed. Respectfully, I concur.
LEMMON, Justice, dissenting.
The majority, in determining that the state may assess ad valorem taxes against a tax-exempt *428 corporation that purchases property which was subject to taxation on January 1, relies on La.Rev.Stat. 47:1952 A. That statute does not expressly address the issue in this case. Section 1952 A only requires that assessments "be made on the basis of the condition of things existing" on January 1. Thus Section 1952 A requires, for example, that property with improvements on January 1 be assessed as improved property for the tax year, even if the improvements are destroyed on January 2.
The statutes are silent on the assessment of ad valorem taxes against property owned by a taxable entity on January 1 and transferred to a tax-exempt entity during the tax year. Logically, the collection of ad valorem taxes from an entity exempt from the payment of ad valorem taxes is a contradiction in terms, and La.Rev.Stat. 47:1952 A certainly does not expressly authorize imposition of such taxes on a tax-exempt entity. While Section 1952 A could be construed to extend by implication the imposition of ad valorem taxation against tax-exempt entities under these circumstances, the overall taxation statutes could just as reasonably be construed as exempting tax-exempt corporations from the payment of any ad valorem taxes. Because taxation statutes should be construed in favor of the taxpayer, I dissent from the holding that Comm-Care has not stated a cause of action to recover the taxes paid under protest.
NOTES
[*] Marcus, J., not on panel. See Rule IV, Part 2, § 3.