PER CURIAM.
2In this matter, a taxpayer challenges a trial court judgment dismissing its suit for the recovery of taxes paid under protest in the year after the taxes were assessed. For the following reasons, we affirm.
On May 6, 2003, the plaintiff, Whitten Foundation, filed a Petition to Recover *101 Taxes Paid Under Protest against Brian Wilson, in his capacity as Tax Assessor for East Baton Rouge Parish; the Louisiana Tax Commission; and Elmer Litchfield, in his capacity as Sheriff and Ex-Officio Tax Collector for the Parish of East Baton Rouge. In its petition, Whitten asserted that it is a Louisiana non-profit corporation and exempt from ad valorem taxation -under the Louisiana Constitution. Whit-ten alleged that it received certain real estate tax bills for the year 2002 from East Baton Rouge Parish totaling $41,360.00, relative to certain real estate owned by Whitten. Attached to the petition were copies of the delinquent tax notices for the 2002 taxes, dated April 1, 2008, for said properties.[1] Whitten further alleged that on April 15, 2003, it paid the taxes under protest and filed this suit to recover the amounts paid under protest.
In response thereto, Sheriff Litchfield filed a peremptory exception raising the objection of prescription seeking dismissal of Whitten’s claim with prejudice. A hearing on the exception was held on August 9, 2004, at which time the trial court granted the exception. Judgment was signed on August 20, 2004. Whitten appealed.
At all relevant times hereto, LSA-R.S. 47:2101 A(l) provided in pertinent part:
All taxes shall be collected in the calendar year in which the assessment thereof is made, and they shall be designated as the “taxes for the year_”, accordingly as they are collectible, hand the taxes assessed in each year shall be due in that calendar year as soon as the tax roll is filed in the office of the recorder of mortgages, ... and they shall be paid on or before the thirty-first day of December in each respective year in order to avoid the notice, advertisement, and sale required by Article VII, Section 25 of the Louisiana Constitution.
Louisiana Revised Statute 47:2110 also provided in relevant part:
A. (1) No court of this state shall issue any process whatsoever to restrain or render any decision that shall have the effect of impeding the collection of an ad valorem tax imposed by the state, or by any political subdivision thereof, under authority granted to it by the legislature or by the constitution.
(2) Any person resisting the payment of any amount of tax due shall pay the amount due to the officer designated by law for the collection of such tax and shall give him, the parish or district assessor, and the Louisiana Tax Commission written notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If a - suit is timely filed contesting the correctness of the assessment pursuant to R.S. 47:1998 and seeking the recovery of' the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit. That portion of the taxes paid by the taxpayer to the officer which is neither in dispute nor the subject of a suit contesting the correctness pursuant to R.S. 47:1998 shall not be made subject to the protest.
* * * *
B. The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and *102 subject matter for a full and complete adjudication of any and all questions arising in the enforcement of such right respecting the legality of any tax accrued or accruing or the method of enforcement thereof. In any such suit, service of process upon the officer or agency designated and provided for in R.S. 47:1998(A)(2) or (B)(3) or 2110(A) shall be required.
C. The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action at law in the state or federal courts where any tax or the collection thereof is claimed to be an unlawful burden upon interstate commerce, or in violation of any act of the Congress of the United States, the Constitution of the United States, or the constitution of the state.
4Whitten contends that the trial court erred in dismissing its claim because LSA-R.S. 47:2110 does not require that the protested taxes be paid before December 31 of the year in which the taxes are due. On the other hand, Sheriff Litchfield contends that LSA-R.S. 47:2110 must be read in pari materia with LSA-R.S. 47:2101 A(l), which requires that all taxes due in a given year be paid on or before the thirty-first of December in the calendar year in which the assessment is made, in order to avoid the notice, advertisement, and sale of the property.
In Capital Drilling Company v. Graves, 496 So.2d 487, 491-92 (La.App. 1 Cir.1986), this Court construed LSA-R.S. 47:2110 and 47:2101 A in pari materia and concluded that payment under protest must be made in the calendar year in which the assessment is made in order to preserve the right to litigate the validity of the tax. The Capital Drilling case has been followed in this circuit by Comm-Care Corporation v. Louisiana Tax Commission, 96-0039 (La.App. 1 Cir. 9/27/96), 681 So.2d 1001, aff'd on other grounds, 96-1711 (La.1/21/98), 706 So.2d 425 (on rehearing), and Louisiana Employers-Managed Insurance Company v. Litchfield, 01-0123 (La.App. 1 Cir. 12/28/01), 805 So.2d 386.
Accordingly, because the taxes assessed in 2002 in this matter were not paid until 2003, even though paid under protest, they were delinquent. Although we find nothing in the provisions of LSA-47:2110 that expressly requires timely payment of the taxes, because a majority of this court does not agree to overrule Capital Drilling, under the law of the circuit, we are bound to apply its holding. See LSA-Const. Art. V, § 8(B). Thus, the April 2003 payment was not timely and did not preserve Whitten’s right to litigate the validity of the tax. The trial court correctly granted the peremptory exception and dismissed Whit-ten’s suit.
5For the foregoing reasons, the judgment of the trial court maintaining Sheriff Elmer B. Litchfield’s peremptory exception of prescription and dismissing the claims against Sheriff Litchfield with prejudice, is affirmed. Costs of this appeal are assessed against Whitten Foundation.
AFFIRMED.
DOWNING and WELCH, JJ., dissent.
CARTER, C.J., concurs with reasons.
WHIPPLE and GUIDRY, JJ., concur.
McCLENDON J., concurs and assigns reasons.

. The tax notices contained language that “taxes are delinquent after December 31st”