WELCH, J.,
Dissenting.
_JjI respectfully disagree with the majority opinion in this case. I believe that the trial court incorrectly determined that La. R.S. 47:2110 was applicable to the plaintiffs action to challenge the validity of the document transaction tax. The legislature intended La. R.S. 47:2110 to govern only those actions concerning ad valorem taxes. The tax at issue in this case is not an ad valorem tax; it is a document transaction tax or immovable property transaction tax.
Louisiana Revised Statutes 47:2110 is entitled “Suits to recover taxes paid under protest,”[1] and it is located in Part II (Pay *902 ment and Collection Procedure) of Chapter 4 (Payment and Collection) of Subtitle III (Provisions Relating to Ad Valorem Taxes) of Title 47 (Revenue and Taxation).
The original legislation for the provisions now contained in La. R.S. 47:2110, provided that it was an act “to carry into effect Section 18, Article X of the Constitution of Louisiana and to provide ... for a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him.” 1938 La. Acts, No. 330.
However, in 1970, the provisions set forth in the original legislation were amended and re-enacted into La. R.S. 47:2110. 1970 La. Acts, No. 375, § 1. In doing so, the legislature limited this remedy to actions to recover ad valorem taxes paid under protest. This is evidenced by the preamble to this act, which provides that the act “amend[s] and reenact[s] Section 2110 of Title 47 of the Louisiana | ¡.Revised Statutes of 1950, relative to suits to recover ad valorem taxes paid under protest.”[2] (Emphasis added). Since 1970, our legislature has amended and reenacted La. R.S. 47:2110 twelve times; of those twelve amendments, eight have pertained to subsection A — the subsection that both the majority and the trial court found applicable herein. The preambles to seven of the eight[3] amendments pertaining to subsection A have all reiterated that the act is to amend La. R.S. 47:2110(A) relative to ad valorem taxes and to provide for procedures dealing with the payment of ad valorem taxes under protest.[4]
|sConsidering the title of La. R.S. 47:2110, the location of La. R.S. 47:2110 *903 within Subtitle III (Provisions Relating to Ad Valorem Taxes) of Title 47, and the preambles to the legislation concerning La. R.S. 47:2110(A), it is clear that La. R.S. 47:2110 was intended by the legislature to govern only those actions relative to ad valorem taxes paid under protest. The trial court and the majority have erroneously determined otherwise.
In Comm-Care Corp. v. La. Tax Comm’n, 96-0039, p. 10 (La.App. 1st Cir.9/27/96), 681 So.2d 1001, 1006, affirmed on other grounds, 96-1711 (La.1/21/98), 706 So.2d 425, a suit to recover ad valorem taxes paid under protest, we determined that the payment of ad valorem taxes under protest had to be made prior the end of the pertinent tax year in order for the taxpayer to maintain suit under La. R.S. 47:2110. In doing so, we noted the language from the original legislation, set forth above, and reasoned that “[providing ‘a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him’ [was] dependent upon the taxpayer making timely payment of the taxes due. Permitting a taxpayer challenging the validity of an assessment of ad valorem taxes to make payment under protest subsequent to the conclusion of the tax year delays recovery and defeats the goal of ‘promptness.’ ” Id.
In La. Employers-Managed Ins. Co. v. Litchfield, 2001-0123, p. 7 (La.App. 1st Cir.12/28/01), 805 So.2d 386, 391, another suit to recover ad valorem taxes paid under protest, we again recognized that “[La. R.S.] 47:2110’s purpose of providing ‘a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him’ was promoted by making the taxpayer’s remedy dependent upon the timely payment of the [ad valo-rem] taxes.”
Using this language from La. Employers-Managed Ins. Co., the trial court in its written reasons for judgment concluded that the procedure set forth in La. R.S. 47:2110 was not specific to ad valorem taxes and determined that La. R.S. L47:2110 applied to suits to recover “any illegal tax paid.” The majority adopted this reasoning. However, I believe that the trial court and majority’s reasoning is flawed and their reliance on the language from the La. Employers-Managed Ins. Co. is misplaced.
Since the taxes at issue in both Comm-Care Corp. and La. Employers-Managed Ins. Co were ad valorem taxes, we appropriately considered the original legislation’s purpose in determining the time within which the payment of the ad valo-rem taxes under protest had to be made. However, unlike Comm-Care Corp. and La. Employers-Managed Ins. Co., the tax at issue in this case is not an ad valorem tax, and the suit filed by the plaintiff is not a suit to recover an ad valorem tax paid under protest. Therefore, using the language from La. R.S. 47:2110’s original legislation, which has since been limited by our legislature to ad valorem taxes, to conclude that the procedure set forth in La. R.S. 47:2110 is applicable to any illegal tax, including the document transaction tax, is clearly inappropriate.
Moreover, as our supreme court succinctly noted in Allied Chemical Corp. v. Iberville Parish Police Jury, 426 So.2d 1336, 1339 (La.1983), “La. R.S. 47:2110 sets forth the proper method by which the payment of an ad valorem tax may be resisted when the tax is not authorized by an election” and “applies only when the tax is imposed ‘... by the state, or any political subdivision thereof under the authority granted to it by the legislature .or by the constitution. ’ ” (Footnote omitted; emphasis added). In this case, while the document transaction tax was certainly imposed by a political subdivision, i.e., the *904 Livingston Parish Council, it was not imposed pursuant to any authority granted to it by the legislature or constitution. See La. Atty. Gen. Op. No. 04-0381. Thus, not only is La. R.S. 47:2110 not applicable to the plaintiffs action challenging the document transaction tax because the tax is not an ad valorem tax, but it is also not applicable to the plaintiffs action because the tax whose validity is being contested was not ^authorized by the constitution or the legislature. See Allied Chemical Corp., 426 So.2d at 1339.
For these reasons, I believe the plaintiff was not required to follow the procedures set forth in La. R.S. 47:2110 relative to ad valorem taxes in order to protest the document transaction tax, the plaintiff has stated a cause of action, and I would reverse the judgment of the trial court and remand this matter for further proceedings.
Thus, I respectfully dissent.

. The title of a law may be examined to determine its purpose. Boutte v. Jefferson Parish *902 Hospital Service District No. 1, 99-2402, p. 5 (La.4/11/00), 759 So.2d 45, 49.

. The title or preamble of an act may be used to determine legislative intent. Matter of American Waste & Pollution Control Co., 93-3163, p. 10 (La.9/15/94), 642 So.2d 1258, 1264.

. The only amendment to subsection A wherein the preamble not did specifically indicate it pertained to the ad valorem tax concerned the interest rate at which the ad valorem taxes paid under protest were placed into escrow. See 1995 La. Acts, No. 53 ("AN ACT to amend and reenact ... [La. R.S. 47:]2110 relative to the interest rate at which taxes paid under protest shall be deposited or refunded”).

. See 1986 La. Acts, No. 540 ("AN ACT to amend and reenact ... [La.] R.S. 47:2110(A) ... relative to ad valorem taxes, to provide the manner in which taxes in dispute may be paid under protest, to provide for refunding or collection of taxes and interest upon outcome of a suit for recovery of taxes”);
1995 La. Acts, No. 272 (“AN ACT to amend and reenact ... [La. R.S. 47:]2110 relative to ad valorem property taxes; to provide for notice and service of process regarding certain suits filed for recovery of such taxes paid under protest”);
2000 La. Acts, 1st Extr. Session, No. 74 ("AN ACT to amend and reenact ... [La. R.S. 47:]2110(A) ... relative to ad valorem tax procedures; ... to provide for procedures dealing with the payment of ad valorem taxes under protest generally; to modify certain tax procedures regarding withholding and aggregating ad valorem taxes due into separate funds during litigation”);
2001 La. Acts, No. 1149 ("AN ACT to amend and reenact ... [La. R.S. 47:]2110(A) ... relative to the ad valorem property tax assessment of public service properties”);
2003 La. Acts, No. 792 ("AN ACT to amend and reenact ... [La. R.S. 47:]2110(A) ... relative to ad valorem property tax; to provide with respect to certain ad valorem taxes which are in dispute and payment of such taxes made under protest; to provide for notice in matters where the assessments of certain ad valorem taxes are in dispute and payment of such taxes is made under protest”);
2004 La. Acts, No. 154 ("AN ACT to amend and reenact [La.] R.S. 47:2110(A) ..., relative to the ad valorem tax; to provide for the timely payment of taxes paid under protest”); and
2004 La. Acts, No. 461 ("AN ACT to amend and reenact ... [La. R.S. 47:]2110(A) ..., relative to ad valorem property tax payment under protest procedure”).